**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                          Case No: 12-36592-PGH
                                                                Chapter 13
MIGUEL A. RICO,

_____Debtor_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
**ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of
the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM
PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO
LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING
[SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar
date or 21 days from the date this Motion was served upon you to file a proof
of claim or you will be deemed to have waived the right to payment of any
unsecured claim to which you might otherwise be entitled. [See Local Rule
3015-3(A)(4)]**

1.      Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor
        seeks to value real property securing the claim of Emerenciana Bonilla (the "Lienor").
        Lienor holds a partial summary judgment lien from Okeechobee County, Florida against
        debtor, recorded in OR Book 3163, Page 956, and a Okeechobee County clerk certified
        copy recorded in OR Book 3178, Page 2326, in the official records of St. Lucie County,
        Florida.

2.      The real property is located at 1702 Delaware Avenue, Ft. Pierce, FL 34950, and is more
        particularly described as follows:

From the Southeast corner of the Northeast 1/4 of the Southwest 1/4 of Section 9, Township 35 South, Range 40 East, St. Lucie County, Florida, run North 30.00 feet; thence run West 25.00 feet to the Point of Beginning; thence continue West 215.00 feet; thence run North 140.00 feet; thence run East 52.00 feet; thence run North 79.75 feet; thence run East 163.00 feet; thence run South 219.75 feet to the point of Beginning, LESS road right-of-way.

Parcel Id # 2409-314-0024-000-0

3.    At the time of the filing of this case, the combined value of the four real properties (412 S 18th St, # A-C, 412 S 18th St, 1702 Delaware Ave and 1708 Delaware Ave, all in Ft. Pierce, FL 34950) are $417,100.00 as determined by St. Lucie County Property Appraiser.

4.    PNC Bank, N.A. hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $381,647.02 and Alvaro Compuzano hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $200,000.00.

5.    *(Select only one):*

   X    Lienor's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lienor, the value of Lienor's secured interest in the real property is $0.

   ___    Lienor's collateral is not solely the debtor's principal residence.  After payment in full of the claims secured by liens senior to that of Lienor, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lienor's secured interest in the real property is $ _____ and the value of the Lienor's unsecured, deficiency claim is $ _____.

6.    The undersigned reviewed the docket and claims register and states (select only one):

   X    Lienor has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lienor unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

___ Lienor filed a proof of claim in this case.  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.    The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lienor's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lienor's secured interest in the real property is determined to be $0, deeming Lienor s partial judgment against debtor on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.    In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.    The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Submitted by:                 /s/ Drake Ozment
                               DRAKE OZMENT, ESQ
                               2001 Palm Beach Lakes Boulevard,
                               Suite 410
                               West Palm Beach, FL 33409
                               561-689-6789
                               Fla. Bar No.  844519