

**ORDERED in the Southern District of Florida on March 12, 2013.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                              Case No: 12-36592-PGH
                                                                    Chapter 13
MIGUEL A. RICO,

     Debtor.          /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY HELD BY
EMERENCIANA BONILLA (412 S 18th STREET)**

THIS CASE came to be heard on March 7, 2013, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 48; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtors' real property (the "Real Property") located at

412 South 18th Street, Ft. Pierce, FL 34950, and more particularly described as:

Beginning 188.00 feet West and 170.00 feet North of the Southeast corner of the Northeast 1/4 of the Southwest 1/4 of Section 9, Township 35 South, Range 40 East; thence run North 60.00 feet; thence run West 220.58 feet; thence run South 60.80 feet; thence East 219.39 feet to the Point of Beginning. LESS road right-of-way.

Parcel Id # 2409-314-0024-000-9

is $417,100.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Emerenciana Bonilla (the "Lienor") is $581,647.02.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 0.00 and Lienor has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lienor has an allowed secured claim in the amount of $ 0.00 .

3. Because Lienor's secured interest in the Real Property is $0, Lienor's partial summary judgment lien from Okeechobee County, Florida against debtor, recorded on January 20, 2010 at OR BOOK 3163 Page 956 and a Okeechobee County clerk certified copy recorded on March 16, 2010 in OR Book 3178, Page 2326 of the official records of St Lucie County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lienor's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

      __X__    Lienor has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

      ____    Lienor filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $_____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Law Offices of Drake Ozment
2001 Palm Beach Lakes Blvd, Suite 410
West Palm Beach, FL 33409
561-689-6789

Attorney Drake Ozment is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.