UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

MIGUEL A. RICO, SR.                                    Case No. 12-36592-PGH
                                                       Chapter 13

       Debtor.

_____/

## MOTION FOR RELIEF FROM STAY OR IN THE ALTERNATIVE, TO DISMISS BANKRUPTCY CASE

Creditors, Geraldo Canchola and Blanca Muniz, though counsel, and pursuant to 11 U.S.C.

§1330 and U.S.C. §1307(d), hereby file this, Motion for Relief from Stay, or in the Alternative,

to Dismiss Bankruptcy Case, and state as follows:

## PROCEDURAL HISTORY

1.      On November 11, 2012, the Debtor, Miguel A. Rico, Sr. (the "Debtor" or "Rico")

filed a voluntary petition under Chapter 13 of the Bankruptcy Code. [DE #1].

2.      Geraldo Canchola and Blanca Muniz, judgment creditors, were included among

the creditors listed on Schedule D.

3.      On or about February 13, 2013, the Debtor filed four Motions to Value and

Determine Secured Status of Lien on Real Property Held by Gernaldo Canchola and Blanca

Muniz to strip the liens on the commercial properties listed on Schedule A [DE 32, 36, 39 and 42

respectively.]  Notice was sent to the creditors at an incorrect address and also sent to their

counsel in the underlying civil action.

4.      On March 11, 2013 and March 12, 2013 three Orders Granting Motions to Value

and Determine Secured Status of Liens on Real Property were entered [DE 64, 69 and 70

respectively.]

1

5. The Debtor's Sixth Amended Chapter 13 Plan was confirmed on June 27, 2013. [DE 91]

6. On December 10, 2013, the Debtor filed a Second Modified Chapter 13 Plan. [DE 99]

7. On December 27, 2013, the Court entered the Order of Confirmation confirming the Debtor's 2nd Modified Chapter 13 Plan. [DE 101]

**BACKGROUND**

8. On or about May 22, 2009 the Creditors, Geraldo Canchola and Blanca Muniz (hereinafter "Creditors" or "Canchola" and "Muniz") filed a civil Complaint against the Debtor arising from the Debtor's unpaid loans.

9. On or about September 27, 2010, the Circuit Court entered a Final Judgment against the Debtor in the amount of $245,632.71.

10. Throughout the state court proceedings, the Debtor was represented by counsel.

11. The Debtor owns two properties in Mexico, upon which the Creditors sought to execute on to satisfy the Judgment amounts.

12. On or about August 13, 2012, the St. Lucie County Circuit Court Judge Ordered the Mexican Court execute on the judgment and that the real property be sold and all proceeds be applied to the Creditors' judgment.

13. The Creditor sought the services of an attorney in Mexico to effectuate the sale of the real property located in Mexico.

14. On November 2, 2012, shortly before the properties were to be sold, the Debtor filed the instant bankruptcy by way of skeletal pleadings.

15.     A Suggestion of Bankruptcy in the underlying civil case, in which the judgment was about to be executed upon, was filed.

16.     The only properties listed on Schedule A were four (4) commercial properties located in St. Lucie County, Florida; listed as contiguous real estate with a current value of $413,000.00.  The two Mexican properties owned by the Debtor were not listed.

17.     The Debtor's Schedule I lists the Debtor's monthly wife as unemployed with a monthly income of $25,744.00.

18.     On or about January 29, 2013, the Debtor filed an Amended Schedule I adding that his wife owned Rico's Trucking. [DE 24]

19.     On or about April 8, 2013, the Debtor filed Amended Schedule A to include the two properties located in Mexico.

20.     The first property, located at 180 Calle Mollelos, Quiraza, MX 52084, was valued at $60,000.00.  The Debtor stated that this property was held as tenants by the entireties with his wife, Bertha Rico, and was exempt pursuant to 11 USC §522(b)(3)(B).

21.     The second property, a vacant lot in Quiroga, Mexico, was valued at $60,000.00. The Debtor claimed to hold a fifty percent (50%) interest in the property and therefore claimed his interest to be valued at $30,000.00.

22.     An appraisal of the property located at 180 Calle Mollelos, Quiraza, MX values the property at approximately $80,000.00 in U.S. currency.

23.     An appraisal of the vacant lot describes the property as a rustic farm called "La Zarza" was valued at $11,023,800.00 pesos which, when converted to U.S. currency, is $829,563.00.

24.     In addition to failing to disclose these two properties, the Debtor grossly

undervalued the properties in an attempt to defraud the bankruptcy court and avoid payment of the judgment entered against him.

25.    The Debtor listed monthly personal expenses in excess of $21,541.00 and has no minor dependents.

26.    The Debtor failed to list his interest in the trucking company on his Schedules. Instead, the Debtor stated on his Amended Schedule I that his monthly income from a restaurant is $1,863.00 per month. There is no itemized statement attached which indicates the source of income of real property Debtor received. [DE 24]

27.    The Debtor has listed a monthly income of $29,529.00 and expenses of $21,541.00 – and personal, not business gas/tolls of $11,370.00 . [DE 24]

28.    The creditors are entitled to execute their judgments against the Mexican properties. A copy of the documents in support of the Creditor's interest in the property are attached hereto as Composite Exhibit A.

## ARGUMENT AND CITATIONS OF AUTHORITY

Section 1330(a) 111 U.S.C. §1330(a) provides that, upon the request of any interested party, within 180 days of the entry of a confirmation order, the Court can enter an order revoking the confirmation order if it was procured by fraud. Further, pursuant to Section 1307(c), a Chapter 13 case can be dismissed "for cause".

Although this Section provides guidance as to "for cause" reasons, it is not exhaustive.  In fact, the courts have clearly held that a debtor's failure to file a Chapter 13 bankruptcy case in good faith constitutes a cause of dismissal pursuant to Section 1307. *See:* In re Tovar, No. 04-17383-BKC-AJC, 2005Bankr. LEXIS 1731(Bankr. S.D. Fla. April 19, 2005; In re McGovern, 297 B.R. 650, 655-66 (S.D.Fla. 2003) (stating that "the filing of a chapter 13

petition in bad faith may constitute cause for dismissal under under 11 U.S.C. § 1307c")

To determine whether the debtor lacked "good faith" in the filing of the petition, the court analyzes each case on an individual basis noting the totality of the circumstances.  As part of the analysis, the courts consider the factors enunciated in the In re Kitchens, 702 F.2d *at* 888 (11th Cir. 1983) case.   In reviewing the Kitchens factors,  the court considers " the amount of the debtor's income from all sources"; "the motivations  of the debtor and his sincerity in seeking relief under the provisions of Chapter 13" and "the debtor's ability to earn and the likelihood of fluctuation in his earnings." *Id*. At 888-889.  Equally important in the case at bar is the "the accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court." *Id* at 888-889.

A consideration of these factors clearly indicates the Debtor filed this case in bad faith:

- the Debtor initially failed to disclose his interest in the Mexican properties;

- after the Debtor subsequently disclosed the Mexican properties, in which he holds an interest; he undervalued the value of each;

- the Debtor failed to properly serve the Creditors notice of the filing the Bankruptcy;

- the Debtor failed to list his interest in the trucking firm – although the USDOT site lists him as the carrier, sole driver and all records indicate his interest in the company;

- the Debtor, in his Statement of Financial Affairs, stated his interest in Rico's trucking ended in September 2012, yet he continues to ostensibly receive income from this source to fund the plan;

● the Debtor has listed a monthly income of $29,529.00 and expenses of
$21,541.00 – and personal, not business, gas/tolls of $11,370.00;

Given the totality of the circumstances, the Debtor's filing was in bad
faith.

The Creditors request this Court to grant them relief from The Automatic Stay in this
case pursuant to 362(d).

It would be inequitable for Debtor to retain the collateral as it is not necessary for an
effective reorganization. If the Creditors are not permitted to enforce their judgment, they will
suffer irreparable injury, loss and damage. The Debtor has not claimed an exemption for the
property valued in excess of $800,000.00.

WHEREFORE, Creditors, Geraldo Canchola and Blanca Muniz, requests the Motion for
Relief from Stay or in the Alternative, to Dismiss Bankruptcy Case, and for any other relief this
court deems just and proper.

Dated this 23th day of June, 2014.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served electronically on all CM/ECF

registered users for this case and via U.S. Mail to all parties listed on the matrix attached as

Exhibit B on this 23th day of June, 2014.


I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the

Southern District of Florida and I am in compliance with the additional qualifications to practice

in this Court set forth in Local Rule 2090-1(A).


                                    Respectfully submitted,

                                    LANSHE & TORRES, P.A.
                                    Attorneys for Creditors Canchola and Muniz
                                    800 Village Square Crossing, Suite 216
                                    Palm Beach Gardens, Florida 33410
                                    Telephone: (561) 656-2032
                                    Facsimile: (866) 656-2032


                                    By:   /s/ Barbara G. Lanshe
                                          BARBARA G. LANSHE
                                          FL. Bar No. 779164